# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

STATE OF WISCONSIN,

    *Petitioner*,

    v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY and LEE ZELDIN, Administrator of
the U.S. Environmental Protection Agency,

    *Respondents*.

Case No. 25-1239

## JOINT MOTION TO HOLD CASE IN ABEYANCE

Respondents United States Environmental Protection Agency and

Administrator Lee Zeldin ("EPA") and Petitioner the State of Wisconsin

respectfully move the Court to hold this matter in abeyance to allow EPA to

reconsider the action challenged here.

1.    Wisconsin seeks review of an EPA action entitled, "Findings of

Failure to Attain and Reclassification of Areas in Illinois, Indiana, Michigan, Ohio,

and Wisconsin as Serious for the 2015 Ozone National Ambient Air Quality

Standards," 89 Fed. Reg. 101901 (Dec. 17, 2024).

2.    On July 16, 2026, Wisconsin submitted a petition to EPA for

administrative reconsideration of the action it challenges here. Ex. A.

3.   On July 28, 2026, EPA granted the petition for reconsideration. Ex. B. EPA intends to undertake a notice-and-comment action to reconsider the action that is the subject of this litigation. *Id.*

4.   Accordingly, the parties respectfully request that the Court abate judicial proceedings to allow the Agency to complete the reconsideration process in an orderly and deliberate manner while preserving both this Court's and the parties' resources.

5.   This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

6.   Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which

policy would be better in light of the facts" is "well within" its discretion (internal quotation marks omitted)).

7.    The reconsideration process here may result in an action that obviates the need for judicial resolution. *See Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

8.    Wisconsin's opening brief is due on July 31, 2026. However, briefing this case given EPA's reconsideration of the challenged action would be inefficient and wasteful.

9.    This Court has granted parties' request to hold cases in abeyance in similar circumstances, where petitioners submitted a reconsideration petition to EPA requesting that EPA reconsider the challenged action. *See, e.g.*, *Sierra Club v. EPA*, No. 26-1596, Doc. Nos. 5, 7. Here, not only has Wisconsin submitted such a petition, but EPA has granted reconsideration.

10.    Abeyance here would also be consistent with decisions by other Courts of Appeals in two other petitions for review of similar actions that reclassified nonattainment areas. The Eighth and Tenth Circuits maintained abeyances after EPA granted reconsideration of administrative petitions. *Missouri v. EPA*, No. 25-1141 (8th Cir.), Doc. Nos. 55508669, 5509286; *Utah Petroleum Association v. EPA*, No. 25-9507 (10th Cir.), Doc. No. 11168327.

11. No party would be prejudiced by the requested abeyance, provided the Court maintains the stay currently in place.

12. For these reasons, the parties request that the Court maintain the current stay and place this matter in abeyance, with status reports due every two months.

Respectfully submitted,

ADAM R.F. GUSTAFSON
  *Principal Deputy Assistant Attorney General*

*s/ Laura J. Glickman*
LAURA J. GLICKMAN
  Environmental Defense Section
  U.S. Department of Justice
  P.O. Box 7611
  Washington, D.C. 20044
  (202) 598-3056
  laura.glickman@usdoj.gov

*Attorneys for Respondent*

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Gabe Johnson-Karp
GABE JOHNSON-KARP
Assistant Attorney General
State Bar #1084731
Attorneys for Petitioner
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857

*Of Counsel:*
KAYTRUE TING
  Office of the General Counsel
  U.S. Environmental Protection Agency
  Washington, D.C.

July 28, 2026

4

(608) 267-8904
(608) 294-2907 (Fax)
gabe.johnson-karp@wisdoj.gov

5

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 580 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Date: July 28, 2026

Respectfully submitted,

/s/ *Laura J. Glickman*
Laura J. Glickman
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20004
(202) 598-3056
Laura.Glickman@usdoj.gov

*Counsel for Respondents*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d), I hereby certify that I have this day caused the foregoing Joint Motion to Continue Abeyance to be delivered electronically through CM/ECF on all ECF registered counsel of record.

Date: July 28, 2026

Respectfully submitted,

/s/ *Laura J. Glickman*
Laura J. Glickman
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20004
(202) 598-3056
Laura.Glickman@usdoj.gov

*Counsel for Respondents*

# Exhibit A

**State of Wisconsin**
DEPARTMENT OF NATURAL RESOURCES
101 S. Webster Street
Box 7921
Madison WI 53707-7921

**Tony Evers, Governor**
**Karen Hyun, Ph.D., Secretary**

Telephone 608-266-2621
Toll Free 1-888-936-7463
TTY Access via relay - 711



WISCONSIN
DEPT. OF NATURAL RESOURCES

July 16, 2026

Mr. Lee Zeldin
Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC  20460

*Sent via electronic mail*

> Subject:  EPA Docket No. EPA-R05-OAR-2024-0546; Petition for Reconsideration and
> Stay of the Findings of Failure to Attain and Reclassification of Areas in Illinois,
> Indiana, Michigan, and Ohio and Wisconsin as Serious for the 2015 Ozone
> National Ambient Air Quality Standards

Dear Administrator Zeldin:

Enclosed please find the State of Wisconsin's Petition for Reconsideration and Stay of the EPA's
December 17, 2024, "Findings of Failure to Attain and Reclassification of Areas in Illinois, Indiana,
Michigan, and Ohio and Wisconsin as Serious for the 2015 Ozone National Ambient Air Quality
Standards," published in the Federal Register at 89 FR 101901 (Dec. 17, 2024) (EPA Docket No. EPA-
R05-OAR-2024-0546) (the "Final Rule") as it applies to Wisconsin.

For the reasons set forth in the enclosed petition, Wisconsin respectfully requests that the EPA grant this
petition, convene a proceeding for reconsideration of the Final Rule, and grant a stay of the Final Rule.

Thank you and your staff for your consideration of the attached petition.

Sincerely,

Signed by:

*Steven Little*

7A5DFE3497144B5...

7/16/2026 | 4:42 PM CDT

Steven Little
Deputy Secretary
Wisconsin Department of Natural Resources

cc:  Karen Hyun, Secretary
     Molly McNab, General Counsel
     Bart Sponseller, Administrator, Environmental Management Division
     Gail Good, Director, Air Management Program
     John Mooney, EPA Region 5
     Doug Aburano, EPA Region 5



PRINTED
ON RECYCLED
PAPER

Docusign Envelope ID: 7A4D46B2-5DAC-8A03-8227-02BC5D9F09D7

**PETITION FOR RECONSIDERATION AND STAY ON:**

**FINDINGS OF FAILURE TO ATTAIN AND RECLASSIFICATION OF AREAS IN
ILLINOIS, INDIANA, MICHIGAN, OHIO, AND WISCONSIN AS SERIOUS FOR THE
2015 OZONE NATIONAL AMBIENT AIR QUALITY STANDARDS**

**FINAL RULE
89 FED. REG. 101901 (DEC. 17, 2024)**

**DOCKET NO. EPA-R05-OAR-2024-0546**

**July 16, 2026**

**BEFORE THE ADMINISTRATOR**
**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

In re: Findings of Failure to Attain and Reclassification of Areas in Illinois, Indiana, Michigan, and Ohio and Wisconsin as Serious for the 2015 Ozone National Ambient Air Quality Standards, Final Rule 89 FR 101901 (Dec. 17, 2024)

Docket No. EPA-R05-OAR-2024-0546

## PETITION FOR RECONSIDERATION AND STAY

Pursuant to section 307(d)(7)(B) of the Clean Air Act ("CAA" or the "Act"), 42 U.S.C. § 7607(d)(7)(B), and section 553(e) of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 553(e), as well as under the EPA's inherent authority to reconsider previous decisions, the State of Wisconsin ("Wisconsin") hereby petitions the Administrator of the U.S. Environmental Protection Agency ("EPA" or the "Agency") to reconsider and amend its final rule titled "Findings of Failure to Attain and Reclassification of Areas in Illinois, Indiana, Michigan, and Ohio and Wisconsin as Serious for the 2015 Ozone National Ambient Air Quality Standards", Final Rule 89 FR 101901 (Dec. 17, 2024) (the "Final Rule") as it applies to Wisconsin.

In addition, Wisconsin requests that the EPA grant an immediate stay of the effective date of the Final Rule pursuant to section 307(d)(7)(B) of the CAA, 42 U.S.C. § 7607(d)(7)(B), and section 705 of the APA, 5 U.S.C. § 705.

## I.     BACKGROUND

### A.     Clean Air Act and Nonattainment

The CAA requires the EPA to establish National Ambient Air Quality Standards (NAAQS) for pollutants at levels that will protect public health and welfare. 42 U.S.C. §§ 7408, 7409. The CAA then shifts the burden to the States, "within limits established by the NAAQS, to enact and administer their own regulatory programs, structured to meet their own particular needs." *Luminant Generation Co. LLC v. EPA*, 714 F.3d 841, 845 (5th Cir. 2013). For areas designated as nonattainment for a particular NAAQS, the EPA is required to determine whether these areas attained the standard by the applicable attainment date, and to take certain steps for areas that failed to attain that particular NAAQS. Nonattainment areas that the EPA finds have failed to attain the standard by the attainment date are ultimately reclassified to a higher nonattainment level.

The process by which the EPA develops and issues regulations is governed by the APA, unless otherwise provided by law. The APA includes requirements for publishing notices of proposed and final rulemaking in the *Federal Register* and provides opportunities for the public to comment on notices of proposed rulemaking. The APA also requires most rules to have at least a 30-day delayed effective date. In addition to setting forth rulemaking procedures, the APA

addresses other agency actions such as issuance of policy statements, licenses, and permits. It also provides standards for judicial review if a person has been adversely affected or aggrieved by an agency action.

### B.      Facts, History and Background – Wisconsin's Nonattainment Areas

On October 26, 2015, the EPA revised the primary and secondary standards for ozone. On June 4, 2018, the EPA designated multiple nonattainment areas in Wisconsin.[1] These areas were classified Marginal nonattainment and given an August 3, 2021, attainment date. On June 14, 2021, the EPA promulgated a rule that significantly revised and expanded these nonattainment areas.[2] The revised areas maintained the same Marginal classification and attainment date of the original areas.

While several of Wisconsin's nonattainment areas attained the NAAQS by their August 3, 2021, Marginal attainment date, three nonattainment areas did not. These areas were: (1) the Milwaukee nonattainment area, consisting of Milwaukee County, Ozaukee County, and parts of Washington, Waukesha, and Racine counties; (2) the Sheboygan County nonattainment area; and (3) the Kenosha County portion of the multi-state Chicago, Illinois-Indiana-Wisconsin nonattainment area. On October 7, 2022, the EPA published a final rule reclassifying these areas from Marginal to Moderate nonattainment.[3] This action extended the nonattainment area deadline for these areas to August 3, 2024, and also triggered a requirement for Wisconsin to develop SIP revisions to address the Moderate ozone nonattainment area requirements in CAA Section 182(b). This final rule was proceeded by a proposed rule that included an opportunity for the public to comment on the proposed reclassification.[4]

On December 17, 2024, without offering any opportunity for public comment, the EPA published the Final Rule in the *Federal Register* reclassifying Wisconsin's Milwaukee, Sheboygan County, and Kenosha County nonattainment areas to the next higher classification level of Serious.[5] In issuing the Rule without an opportunity for public comment, the EPA states that it has found good cause under 5 U.S.C. § 553(b)(B) to refuse to allow the public the opportunity to comment on the Final Rule. The EPA's justification was that notice and public procedures were unnecessary to take the action. Because the agency's determination is governed by CAA section 181(b)(2)(A) and involved no judgement or discretion. The Final Rule imposes new, more stringent permitting requirements to apply in the nonattainment area on the effective date of the Final Rule and obligates Wisconsin to develop and submit SIP revisions to address the CAA section 182(c) requirements for Serious ozone nonattainment areas.

On February 14, 2025, Wisconsin filed a petition for judicial review of the final rule in the U.S. Seventh Circuit Court of Appeals.[6] Wisconsin filed a Motion to Stay the Final Rule on August 20, 2025, which the Court granted on September 5, 2025. The Final Rule remains stayed by the Court as of the filing of this Petition.

---

[1] 83 FR 25776, June 4, 2018
[2] 86 FR 31438, June 14, 2021
[3] 87 FR 60897, October 7, 2022
[4] 87 FR 21842, April 13, 2022
[5] 89 FR 101901, December 17, 2024
[6] *State of Wisconsin v. EPA et al.*, No. 25-1239 (7th Cir. 2025)

C.    **The EPA's Precedent to Provide Notice and Comment on Reclassifications for Ozone Nonattainment Areas**

The EPA has historically provided public notice and comment opportunities before finalizing reclassifications of nonattainment areas, including for the 1997, 2008 and 2015 ozone NAAQS. For example, the EPA issued proposed rules before completing multiple reclassifications of nonattainment areas in Wisconsin for the 2008 ozone standard, including for Sheboygan County and the Wisconsin portion of the Chicago nonattainment area.[7] Similarly, for the 2015 ozone standard, the EPA proposed to reclassify Wisconsin's Milwaukee, Sheboygan County, and Kenosha County nonattainment areas from Marginal to Moderate before finalizing those reclassifications.[8] The EPA's failure to provide an opportunity for notice and comment before promulgating this Final Rule stands out as an exception to this longstanding agency practice.

Public notice and comment periods for agency rulemakings are a critical component of the administrative process and are as foundational to that process as is the public's right to seek judicial review. CAA section 307(d)(7)(B) specifies that only an objection to a rule or procedure that was raised with reasonable specificity during the period for public comment may be raised during judicial review. Historically, the public has actively commented on proposed reclassifications of nonattainment areas. When the EPA proposed to reclassify 2015 ozone standard nonattainment areas from Marginal to Moderate, the agency received nearly 100 comments, including comments from state agencies, affected sources, interest groups, and members of the public.[9]

In addition, the EPA's assertion that notice and comment are unnecessary is directly undermined by the EPA's previous changes to reclassification decisions between the proposed and final rules. There are multiple examples where the EPA actions for determinations of attainment by the attainment date reclassifications for areas that failed to attain for the 1997, 2008, and 2015 ozone standards have changed between proposed and final rules after the EPA considers facts received during public comment periods. For example, the EPA did not finalize its proposed reclassifications of several 2015 ozone NAAQS nonattainment areas from Marginal to Moderate, including areas in Wisconsin, Ohio, and Indiana.[10] This demonstrates there can be significant value in providing the opportunity for public notice and comment on these types of actions, and that public comments can and have resulted in changes for agency determinations like the one made in the Final Rule. Even if the Agency does not change its determination following public engagement, the notice-and-comment process is valuable in its own right as it helps ensure the EPA's decision making is transparent and credible.

The EPA has granted similar petitions for reconsideration of final reclassification rules

---

[7] *See* 81 FR 66617, September 28, 2016 (proposing to reclassify the Sheboygan County area from Marginal to Moderate nonattainment); 85 FR 6491, February 5, 2020 (proposing to reclassify the Shoreline Sheboygan County area from Moderate to Serious); 80 FR 51992, August 27, 2015 (proposing to reclassify the Chicago area from Marginal to Moderate); 83 FR 56781, November 14, 2018 (proposing to reclassify the Chicago area from Moderate to Serious); and 87 FR 21825, April 13, 2022 (proposing to reclassify the Chicago area from Serious to Severe).

[8] 87 FR 21842, April 13, 2022

[9] Docket No. EPA-HQ-OAR-2021-0742

[10] Compare the proposed rule (87 FR 21845, April 13, 2022) with the final rule (87 FR 60898, October 7, 2022)

filed by the states of Missouri and Utah and, in both cases, responded by undertaking notice-and-comment rulemakings.[11] This appears to be an acknowledgement by the Agency that it should have afforded an opportunity for notice and comment before making final reclassification decisions for nonattainment areas in those states. The Agency should grant Wisconsin that same opportunity.

### D. Wisconsin's Petition Meets the Standard for Administrative Reconsideration, and Reconsideration Would Provide an Opportunity for the EPA to Consider Wisconsin's Comments and Objections to the Final Rule

The EPA should grant Wisconsin's Petition for Reconsideration because it meets the standard under Section 307(d)(7)(B) and would provide an opportunity for the EPA to consider Wisconsin's comments and objections to the Final Rule. In addition to the authority under Section 307(d)(7)(B), the Agency also has inherent authority to reconsider previous decisions. *See Missouri v. EPA*, No. 25-1141 (8th Cir.) (Dkt. 5521752:2, 5521752-1:2); *Utah v. EPA*, No. 25-9508 (10th Cir.) (Dkt. 23-1:3; 23-2:2).

The CAA states that the EPA must reconsider a final rulemaking when a petitioner shows that (1) the grounds for its objections were either impracticable to raise during the comment period, or arose subsequent to the end of the comment period (but within the time specified for judicial review); and (2) those objections are of central relevance to the final rule. *See* CAA § 307(d)(7)(B). Although the grounds on which a final rule may be challenged only include objections which were raised with reasonable specificity during the public comment period, in this case, Wisconsin's objection to the EPA's Final Rule was impracticable to raise during the public comment period because the EPA issued the Final Rule without providing notice and an opportunity for public comment.

As the Agency has recognized, it also possesses inherent authority to reconsider its past decisions, including in the context of reclassification actions like this one. In the context of the State of Missouri's request for reconsideration of a reclassification decision affecting the St. Louis area, the Agency granted Missouri's request, explaining that it "has the inherent authority to reconsider decisions, in addition to its rulemaking authority under the *Administrative Procedure Act*, 5 U.S.C. § 553(e)." *See Missouri v. EPA*, No. 25-1141 (8th Cir.) (Dkt. 5521752:2, 5521752-1:2). Based on that inherent authority to reconsider, the agency explained that it would "undertake a notice-and-comment action to reconsider the determination." *Id.*

The Agency took nearly identical action in connection with the State of Utah's request for reconsideration. *See Utah v. EPA*, No. 25-9508 (10th Cir.) (Dkt. 23-1:3; 23-2:2). There, too, the Agency exercised its "inherent authority to reconsider decisions, in addition to its rulemaking authority under the Administrative Procedure Act (APA), 5 U.S.C. section 553(e) . . . to undertake a notice and comment action to reconsider" the reclassification rule at issue there. *See Utah v. EPA*, No. 25-9508 (10th Cir.) (Dkt. 23-1:3; 23-2:2).

As the Final Rule has been issued without notice, and the EPA has not shown good cause to forego public notice and comment under 5 U.S.C. 553(b)(B), the issuance of the Final Rule is

---

[11] *See* proposed rules for Missouri, 90 FR 26240 (June 20, 2025), and for Utah, 91 FR 21753 (April 30, 2026)

in violation of the APA. Reconsideration would afford the EPA the opportunity to consider public comments regarding the reclassification rule—including Wisconsin's objections to the reclassification—all of which were precluded by the Agency's to provide notice and take public comment before issuing the Final Rule. In addition, the EPA has historically provided public notice and comment periods on proposed involuntary reclassifications for the 1997, 2008, and 2015 ozone standards. In this case, there is strong technical and modeling evidence related to attainment that the EPA did not include or consider as part of the record in the Final Rule. That evidence is of central relevance to the Final Rule and may lead to a substantially different outcome once it is considered.

## II.     REQUEST FOR STAY OF FINAL RULE

Wisconsin requests that the EPA stay the effectiveness of the Final Rule pending reconsideration under CAA section 307(d)(7)(B), 42 U.S.C. § 7607(d)(7)(B). Because Wisconsin has filed a petition for judicial review of the Final Rule in the U.S. Seventh Circuit Court of Appeals, and because that Court has granted a stay of the Rule pending further action by the Court, Wisconsin requests that the EPA stay the effectiveness of the Final Rule under section 705 of the APA, 5 U.S.C. § 705, for as long Wisconsin's petition for judicial review remains pending, or until the conclusion of any further administrative proceedings, whichever is later.

Section 307(d)(7)(B) of the CAA provides that "[t]he effectiveness of the rule may be stayed during . . . reconsideration . . . by the Administrator . . . for a period not to exceed three months." The APA, however, is broader, providing: "When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review." 5 U.S.C. § 705.

"While the Clean Air Act establishes the process by which . . . EPA . . . may stay the effectiveness of a rule pending reconsideration, it does not by its terms or by logical implication limit the authority of . . . [the] agency . . . to exercise its traditional statutory authority under Section 705 of the APA to stay such rules or regulations pending judicial review." *Sierra Club v. Jackson*, 833 F. Supp. 2d 11, 24 (D.C. Cir. 2012) (rejecting argument that a section 705 stay was unlawful or limited to three months).

While neither the CAA nor the APA describes the factors the EPA must consider in granting a stay, agencies generally determine the appropriateness of a stay by applying the same criteria that govern requests to a court for preliminary injunctive relief or a stay pending judicial review. *See Sierra Club*, 833 F. Supp. 2d at 30–31 ("the standard for a stay at the agency level is the same as the standard for a stay at the judicial level: each is governed by the four-part preliminary injunction test applied in this Circuit."). Those criteria are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Clean Air Council v. Pruitt*, 862 F.3d 1, 8 (D.C. Cir. 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)); *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018); *Sierra Club*, 833 F. Supp. 2d at 30–31.

All criteria are satisfied here. In addition, as discussed above, Wisconsin meets the

6

standards for reconsideration by raising objections that are of "central relevance" and were "impracticable" to raise during the period for public comment. *See Clean Air Council,* 862 F.3d at 9. Therefore, a stay should be issued pending reconsideration, and the EPA should further stay the effectiveness of the rule pending further judicial and administrative review under APA section 705.

### III.    CONCLUSION

For the reasons explained above, the EPA should grant this Petition, convene a proceeding for reconsideration of the Final Rule, and grant a stay of the Final Rule under CAA section 307(d)(7)(B) pending judicial review under APA section 705.

Dated: July 16, 2026                                          Respectfully submitted,

Signed by:

*Steven Little*
7A5DFE3497144B5...                        7/16/2026 | 4:42 PM CDT

Steven Little
Deputy Secretary
Wisconsin Department of Natural Resources

7

# Exhibit B



## REGION 5 ADMINISTRATOR
CHICAGO, IL 60604

July 28, 2026

Mr. Steven Little
Deputy Secretary
Wisconsin Department of Natural Resources
101 S. Webster Street, Box 7921
Madison, Wisconsin 53707-7921

Dear Deputy Secretary Little:

This letter responds to your July 16, 2026, petition for the U.S. Environmental Protection Agency to reconsider and stay a final action published in the Federal Register on December 17, 2024. The final action determined that areas in Wisconsin failed to attain the 2015 Ozone National Ambient Air Quality Standards by the applicable attainment date. The effect of failing to attain by the applicable attainment date is that the areas were reclassified by operation of law to "Serious" nonattainment for the 2015 Ozone NAAQS on January 16, 2025, the effective date of this final rule. See 89 Federal Register 101901 (Dec. 17, 2024) (Determination).

**Petition for Reconsideration and Stay**
The EPA is granting the petition to reconsider its determination that the areas failed to attain by the attainment date. The agency has the inherent authority to reconsider decisions, in addition to its rulemaking authority under the Administrative Procedure Act, 5 U.S.C. Section 553(e). Accordingly, the EPA intends to undertake a notice-and-comment action to reconsider the determination.

We are not granting this petition in any other respect. The petition asks for reconsideration under the authority of the Clean Air Act, Section 307(d)(7)(B), and asks the EPA to grant a stay of the action. Because the determination is not among the types of actions listed in the Clean Air Act, Section 307(d)(1), the reconsideration and stay procedures in the Clean Air Act, Section 307(d)(7)(B) are not available here. Further, the Administrative Procedure Act does not grant the EPA the authority to stay the determination because its effective date has passed. Accordingly, we cannot issue a stay of the determination.

**Pending Litigation**
A petition for review of the determination was filed in the United States Court of Appeals for the Seventh Circuit, State of Wisconsin v. EPA, No. 25-1239 (7th Cir., filed Feb. 14, 2025). Wisconsin filed a motion to stay the determination on August 20, 2025, which the court granted on September 5, 2025. The determination remains stayed by the court as of the date of this letter. The EPA will notify the court of our decision to reconsider the determination.

Thank you for contacting the EPA about this matter. If you have questions, you are welcome to contact me, or your staff may contact John Mooney, Director of the EPA Region 5 Air and Radiation Division, at mooney.john@epa.gov or 312-886-6043.

Sincerely,

ANNE VOGEL

Digitally signed by ANNE VOGEL
Date: 2026.07.28
07:42:49 -05'00'

Anne Vogel
US EPA Region 5 Administrator
 & Great Lakes National Program Manager