**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| STATE OF WISCONSIN,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator,<br><br>*Respondents*. | ) | Case No. 25-1239 |

---

**CLEAN WISCONSIN AND SIERRA CLUB'S PARTIAL OPPOSITION TO JOINT MOTION FOR EXTENSION OF TIME**

---

Clean Wisconsin and Sierra Club (collectively "Public Interest Organizations") respectfully submit this partial opposition to the Joint Motion for Extension of Time ("Motion") filed by U.S. Environmental Protection Agency ("EPA") and the State of Wisconsin ("Wisconsin") (collectively "Movants"). ECF No. 33. Public Interest Organizations do not oppose the Motion's request to extend the Movants' deadline to respond to the pending Motion for Leave to Intervene ("Motion to Intervene"), ECF No. 31-1, to September 11, 2026.

Public Interest Organizations do, however, oppose Movants' request to indefinitely postpone their deadline to respond to the pending Contingent Motion

to Dissolve Stay, for Summary Disposition or, in the Alternative, Expedited Briefing, and to Lift the Abeyance ("Contingent Motion"). ECF No. 32-1.

Judicial economy and the public interest support this Court promptly resolving all issues raised in the pending motions seeking to defend EPA's final rule reclassifying the Milwaukee, Kenosha, and Sheboygan nonattainment areas (collectively the "Nonattainment Areas") because those areas have repeatedly failed for years to attain the 2015 Ozone National Ambient Air Quality Standards ("2015 Ozone Standard"). 89 Fed. Reg. 101901 (Dec. 17, 2024) (hereinafter "Reclassification Action"); *see* Mot. for Leave to Intervene at 6-7, ECF No. 31-1 ("Mot. Intervene"). In addition, the smog in these areas has remained stagnant or worsened since the air quality data from 2023 relied on by EPA's Reclassification Action. *See* Mot. Intervene at 8-10, ECF No. 31-1.

Public Interest Organizations' members face ongoing, irreparable harm from high ozone levels in the Nonattainment Areas, including respiratory distress that reduces or prevents their ability to enjoy outdoor recreation and other activities. Mot. Intervene at 18-24, ECF No. 31-1. The unhealthy smog levels impose significant public health impacts, including an average of 2 to 4 excess deaths per year in the three Nonattainment Areas and annual public health harms ranging from $88,600,000 to $112,000,000. Gallagher Decl. ¶¶ 15-16, ECF No. 31-2. These harms can be redressed by the Reclassification Action, which will require

Wisconsin to take meaningful action to reduce ozone pollution by the fast-approaching August 3, 2027, attainment deadline. Mot. Intervene at 24-25, ECF No. 31-1.

For the foregoing reasons, the Public Interest Organizations respectfully request that this Court deny Movants' request to indefinitely delay their response to the pending Contingent Motion. Instead, in recognition of Movants' resource constraints, Mot. at 2, ECF No. 33, Public Interest Organizations recommend staggered briefing on the pending motions and thus extending Movants' deadline to respond to the Contingent Motion to September 18, 2026. In the alternative, if the Court is inclined to grant Movants' request to defer briefing on the Contingent Motion until after the Court acts on the Motion to Intervene, Public Interest Organizations request that the Court (1) act on the pending Motion to Intervene on an expedited basis and (2) order Movants to respond to the Contingent Motion within seven days of any order granting intervention.

Dated: September 3, 2026

*/s/ Jeffrey Hammons*

Jeffrey Hammons
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(771) 241-6481
jhammons@catf.us

*Counsel for Respondent-Intervenor Applicant Clean Wisconsin*

*/s/ Priyam Desai*

Priyam Desai
Sierra Club
2101 Webster St., Ste. 1300
Oakland, CA 94612
(415) 294-0910
priyam.desai@sierraclub.org

*Counsel for Respondent-Intervenor Applicant Sierra Club*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(1)-(2) because, excluding the parts exempted under Federal Rules of Appellate Procedure 27(d)(2) and 32(f), it contains 477 words. Per Federal Rule of Appellate Procedure 27(d)(1)(E), I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point New York Times font. I further certify that this motion has been scanned for viruses and is virus-free.

Dated: September 3, 2026

*/s/ Jeffrey Hammons*

Jeffrey Hammons
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(771) 241-6481
jhammons@catf.us

## CERTIFICATE OF SERVICE

I certify that on September 3, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

*/s/ Jeffrey Hammons*
Jeffrey Hammons
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(771) 241-6481
jhammons@catf.us