**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | |
|---|---|
| STATE OF WISCONSIN,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>*Respondents*. | Case No. 25-1239 |

**EPA'S OPPOSITION TO CLEAN WISCONSIN'S AND SIERRA CLUB'S MOTION FOR LEAVE TO INTERVENE**

The Court should deny Clean Wisconsin's and Sierra Club's Motion for Leave to Intervene (Doc. No. 31-1) as untimely.

First, contrary to their claim, EPA has not "abandoned" its defense of the reclassification action challenged here.[1] *Contra* Mot. at 2. Instead, EPA asked the Court only to pause the litigation while the Agency reconsiders the reclassification action. *See* Doc. No. 29; *see also* Doc. No. 30 (granting abeyance). Thus, the present situation is unlike the cases upon which Clean Wisconsin and Sierra Club rely, where the court allowed intervention after a party to the litigation ceased its

[1] "Findings of Failure to Attain and Reclassification of Areas in Illinois, Indiana, Michigan, Ohio, and Wisconsin as Serious for the 2015 Ozone National Ambient Air Quality Standards," 89 Fed. Reg. 101901 (Dec. 17, 2024).

participation. *See, e.g.*, *Flying J., Inc. v. Van Hollen*, 578 F.3d 569, 572 (7th Cir. 2009) (granting intervention where the state attorney general had declined to appeal district court decision); *Zeigler Coal Co. v. Off. of Workers' Comp. Programs,* 490 F.3d 609, 610 n.1 (7th Cir. 2007) (granting intervention where appellant had been liquidated in bankruptcy).

Moreover, far from being an "abrupt about-face," Mot. at 2, EPA's request for abeyance during its reconsideration proceedings is consistent with EPA's filings since the beginning of this case. Clean Wisconsin and Sierra Club were on notice that EPA might revisit the reclassification action long before it granted Wisconsin's administrative reconsideration petition in July 2026. Indeed, EPA's first filing in this case besides a notice of appearance was an abeyance motion. *See* Doc. No. 4. That motion—filed just over a month after Wisconsin filed the petition for review—sought to hold this case in abeyance so that new leadership could assess the reclassification action. *See* Doc No. 1 (petition); Doc No. 4 at 1. EPA repeatedly sought to continue the abeyance. Doc. Nos. 7, 9, 11, 15, 17, 21, 24. And in February 2026, EPA and Wisconsin informed the Court that they had agreed to a schedule for additional administrative proceedings regarding Wisconsin's forthcoming request for revised designations or revised boundaries for nonattainment areas in Wisconsin. Doc. No. 26 at 3–4. This put Clean Wisconsin and Sierra Club on notice of administrative proceedings that could impact the

reclassification action. But they chose not to move to intervene after any of these filings.

The sole "affirmative step" by EPA that Clean Wisconsin and Sierra Club point to that purportedly suggests that EPA intended to abandon its abeyance approach and proceed to briefing in the near term is the filing of the certified list to the administrative record. *See* Mot. at 14–15, 16. But EPA's filing of the certified list came after the Court took this case out of abeyance and set the case for briefing, despite the parties' request to maintain the abeyance. *See* Doc. No. 26 (joint status report and abeyance request); Doc. No. 27 (order); Doc. No. 28 (certified list). Filing the certified list was merely consistent with the Court's order.

Second, Clean Wisconsin's and Sierra Club's Motion is untimely to the extent that their interest in this litigation hinges on dissolving the stay. *See Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701 (7th Cir. 2003) (denying intervention where movant-intervenor "should have known the suit could impact its interests for some time"). The Court entered the stay *over a year ago*. Doc. No. 16 (dated Sept. 5, 2025). Yet, Clean Wisconsin and Sierra Club did not move to intervene and seek to dissolve the stay that they now argue injures their members. *See* Mot. at 18. Because they waited until now to do so, Clean Wisconsin and Sierra Club have not acted "promptly" to protect their interest in dissolving the stay. *Contra id.* at 14–15.

The Court should deny the Motion.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

*s/ Laura J. Glickman*
LAURA J. GLICKMAN
Environmental Defense Section
Energy and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3056
laura.glickman@usdoj.gov

*Of Counsel:*
KAYTRUE TING
Office of the General Counsel
U.S. Environmental Protection Agency
Washington, D.C.

September 11, 2026

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 636 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: September 11, 2026

*/s/ Laura J. Glickman*
LAURA J. GLICKMAN

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all registered counsel through the Court's electronic filing system (CM/ECF).

*/s/ Laura J. Glickman*
LAURA J. GLICKMAN