**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | |
|---|---|
| STATE OF WISCONSIN,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>*Respondents*. | Case No. 25-1239 |

# EPA'S OPPOSITION TO CLEAN WISCONSIN AND SIERRA CLUB'S CONTINGENT MOTION

The Court should deny Intervenors Clean Wisconsin's and Sierra Club's request for summary disposition and deny their alternative request to lift the abeyance and order expedited briefing.

In July 2026, Wisconsin submitted and EPA granted an administrative petition for reconsideration of the action it challenges here. Doc. No. 29, Ex. A–B. Accordingly, EPA intends to undertake notice and comment to reconsider the challenged action. *Id.*, Ex. B. On July 29, 2026, the Court granted the parties' request for an abeyance and ordered them to file status reports every 45 days regarding the status of the reconsideration process. Doc. No. 30.

*First*, the Court should reject Intervenors' request for summary disposition and instead let EPA complete the administrative reconsideration process.

Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion (internal quotation marks omitted)). EPA is currently working on a proposed reconsideration action. The Court should allow EPA to proceed in reevaluating the challenged rule and complete its reconsideration process before the Court reaches the merits of Wisconsin's petition. Summary disposition would disrupt and potentially thwart EPA's process.

Further, the fact that EPA granted reconsideration demonstrates that the disputed issues are not as clear-cut as Intervenors contend. Thus, this case is not a good candidate for summary disposition; if the Court were to eventually decide this case, it would benefit from full briefing. However, as described below, briefing is not appropriate now and this case should remain in abeyance.

Another advantage of waiting for the reconsideration process to play out is that if any further judicial review is needed at that point, the Court's review would

have the benefit of public comments, including any comments from Wisconsin, and EPA's responses to those comments.

*Second*, the Court rightly placed this case in abeyance and likewise should reject Intervenors' request to remove it from abeyance and order expedited briefing. *See* Mot., Doc. No. 32-1 at 25–26.

Permitting the reconsideration process to play out would best serve the interests of judicial economy. It is likely that a final action that results from EPA's reconsideration process could obviate the need for judicial resolution of some or all of the disputed issues. *Cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (Courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary.").

Maintaining the current abeyance also would conserve the parties' resources. Briefing the merits now is unnecessary and would be a waste of party resources while EPA is undertaking a process that likely will result in resolving or narrowing the dispute. The parties can best conserve their limited resources and better focus any remaining arguments by waiting for EPA to complete the reconsideration process. EPA also should not be forced to expend resources defending a decision that it is actively reconsidering.

This Court has held cases in abeyance in similar circumstances, where petitioners submitted a reconsideration petition to EPA requesting that EPA

reconsider the challenged action. *See, e.g.*, *Sierra Club v. EPA*, No. 26-1596 (7th Cir.), Doc. Nos. 5, 7. Moreover, abeyance is consistent with the Eighth and Tenth Circuits' decisions to maintain abeyances after EPA granted reconsideration of administrative petitions relating to reclassification of nonattainment areas. *Missouri v. EPA*, No. 25-1141 (8th Cir.), Doc. Nos. 5508669, 5509286; *Utah Petroleum Ass'n v. EPA*, No. 25-9507 (10th Cir.), Doc. No. 11168327. Accordingly, the Court should reject Intervenors' request to lift the abeyance.

For these reasons, the Court should deny Intervenors' request for summary disposition and their alternative request to lift the abeyance and order expedited briefing.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

*s/ Laura J. Glickman*
LAURA J. GLICKMAN
Environmental Defense Section
ENRD
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3056
laura.glickman@usdoj.gov

*Of Counsel:*
KAYTRUE TING
Office of the General Counsel
U.S. Environmental Protection Agency
Washington, D.C.

November 6, 2026

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 684 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: November 6, 2026

*/s/ Laura J. Glickman*
LAURA J. GLICKMAN

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all registered counsel through the Court's electronic filing system (CM/ECF).

*/s/ Laura J. Glickman*
LAURA J. GLICKMAN